IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RUSSELL H. FISH, III and ROBERT ANDERSON, as Trustee of the Fish Family Trust, | ) ) ) ) | |
| *Plaintiffs*, | ) ) | |
| v. | ) ) | CASE NO. 3:06-CV-0815-K ECF |
| PATRIOT SCIENTIFIC CORPORATION, a Delaware corporation, | ) ) ) | |
| *Defendant*. | ) ) | |

**PLAINTIFFS' SECOND AMENDED COMPLAINT**

TO THE HONORABLE COURT:

Russell H. Fish, III and Robert Anderson, as trustee of The Fish Family Trust, (collectively the "Plaintiffs") complain of Patriot Scientific Corporation, defendant, and for cause of action show:

**A.  Parties**

1. Plaintiff Russell Fish is a Texas citizen who resides in Dallas County.

2. Plaintiff Robert Anderson sues in his capacity as the sole trustee of The Fish Family Trust. Mr. Anderson is a Texas citizen who resides in Travis County. The Fish Family Trust is a Texas entity.

3. Defendant PSC is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business in the state of California. PSC does not maintain a regular place of business in the State of Texas and does not have a designated agent

for service of process in Texas. Therefore, PSC is deemed to have designated the Texas Secretary of State as its agent for service of process. The Texas Secretary of State may be served by certified mail and may forward process to PSC's home office, care of its Chief Executive Officer, David Pohl, at Carlsbad Corporate Plaza, 6183 Paseo Del Norte, Suite 180, Carlsbad, California  92011.

### B.  Jurisdiction and Venue

4. This Court has subject matter jurisdiction with respect to this case under 28 U.S.C. § 1332 due to diversity of citizenship of the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper in this judicial district under 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to this case occurred in this judicial district and because PSC resides in this judicial district under 28 U.S.C. § 1391(c).

### C.  Background

6. Mr. Fish is an inventor on, *inter alia*, several United States patents in which PSC is the record owner of an undivided interest. Those patents include U.S. Patent Nos. 5,530,890; 5,440,749; 5,604,915; 5,659,703; 5,784,584; 5,809,336; and 6,598,148 (collectively the "Patents").

7. PSC commenced a litigation and licensing program with regard to the Patents.

8. PSC, Mr. Fish and The Fish Family Trust entered into a written agreement on or about July 27, 2004 (the "Fish Agreement"), which is performable and was in fact performed at least in part in Dallas, Texas.

9. In connection with the Fish Agreement, PSC contracted by mail or otherwise with Mr. Fish and the Fish Family Trust. In connection with its performance under the Fish

Agreement, PSC sent its representatives to Dallas, Texas to perform certain activities with Mr. Fish.

10. Pursuant to the Fish Agreement, PSC contracted to pay Mr. Fish and the Fish Family Trust "from gross proceeds of any payment (whether in kind or otherwise) received relating to the Patents, whether in satisfaction of a judgment, in settlement of litigation, for a license or covenant not to sue, or otherwise relating to a resolution in its litigation and licensing program, without deduction for any attorneys' fees, expenses or court costs relating to such litigation or licensing program (collectively, the 'Proceeds')."

11. The Fish Agreement provides that PSC was to pay Mr. Fish eleven and one-half percent of the Proceeds until Mr. Fish had received a threshold amount that has not yet been reached. The Fish Agreement also provides that PSC will pay Mr. Fish on a quarterly basis. All conditions precedent have been satisfied by Mr. Fish.

12. The Fish Agreement provides further that PSC was to pay The Fish Family Trust one percent of the Proceeds until the Fish Family Trust had received a threshold amount that has not yet been reached. The Fish Agreement also provides that PSC will pay the Fish Family Trust on a quarterly basis. All conditions precedent have been satisfied by the Fish Family Trust.

13. Under the terms of the Fish Agreement and as part of the consideration therefore, the Fish Family Trust and Mr. Fish extinguished a right to license the Patents that existed under a prior technology transfer agreement relating to those Patents.

14. On information and belief, defendant PSC has received significant payments which are Proceeds, but which PSC has not included in the amounts from which Mr. Fish and The Fish Family Trust are entitled to eleven and one-half percent and one percent, respectively. The Proceeds include amounts received by PSC from Intel, AMD, HP, Fujitsu, Sony, Pentax,

Seiko, and Nikon, among others. The amounts for which Mr. Fish and The Fish Family Trust have not been compensated are due and owing, and PSC is in default because of PSC's obligation to pay Mr. Fish and The Fish Family Trust on a quarterly basis.

15. PSC also is an intended beneficiary of a patent infringement lawsuit on the Patents filed in the State of Texas.

### D.  Count I – Breach of Contract (Breach of the Fish Agreement)

16. Plaintiffs incorporate paragraphs 1-15 as though fully set forth herein.

17. PSC has repudiated the Fish Agreement and has refused to honor its obligations thereunder.

18. Mr. Fish and the Fish Family Trust have been damaged by PSC's acts.

19. PSC owes more than $75,000 each to Mr. Fish and the Fish Family Trust under the Fish Agreement (excluding interest and costs), in an amount to be determined at trial.

### E.  Count II – Third-Party Beneficiary

20. Plaintiffs incorporate paragraphs 1-19 as though fully set forth herein.

21. In the event the Fish Agreement is unenforceable as to Mr. Fish as a contracting party (which Plaintiffs deny), the Fish Agreement remains enforceable as to the Fish Family Trust.

22. The Fish Agreement expressly states an intent to confer a benefit to Mr. Fish.

23. Mr. Fish is a third-party beneficiary under the Fish Agreement and is thus entitled to enforce the Fish Agreement to receive eleven and one-half percent of the Proceeds thereunder.

24. PSC has repudiated the Fish Agreement and has refused to honor its obligations thereunder.

25. Mr. Fish has been damaged by PSC's acts in excess of $75,000 (excluding interest and costs), in an amount to be determined at trial.

### F.  Count III – Breach of Contract (April 2003 Agreement)

26. Plaintiffs incorporate paragraphs 1-25 as though fully set forth herein.

27. In April of 2003, the Fish Family Trust and Mr. Fish entered into an agreement with PSC under which PSC agreed to pay them a varying percentage of all revenues resulting from, *inter alia*, any licenses, judgments or settlements relating to the Patents (hereafter, the "April 2003 Agreement").

28. In the Fish Agreement (entered into on July 27, 2004), PSC, Mr. Fish, and the Fish Family Trust extinguished the April 2003 Agreement.

29. Only to the extent, *arguendo*, the Fish Agreement is totally void and unenforceable (which Plaintiffs deny), the April 2003 Agreement is valid and enforceable against PSC.

30. To the extent, *arguendo*, the Fish Agreement is totally void and unenforceable (which Plaintiffs deny), Plaintiffs' right to license the Patents is revived.

31. All conditions precedent for the April 2003 Agreement have been satisfied.

32. PSC has failed to pay the Fish Family Trust and Mr. Fish under the terms of the April 2003 Agreement.

33. Plaintiffs have been damaged by PSC's acts.

34. PSC owes in excess of $75,000 each to Mr. Fish and the Fish Family Trust under the April 2003 Agreement (exclusive of interest and costs), in an amount to be determined at trial.

### G. Attorney Fees

35. Plaintiffs are entitled to recover reasonable and necessary attorney fees under Texas Civil Practice and Remedies Code Chapter 38 because this is a suit for a claim listed in § 38.001. Demand for payment was presented to PSC but has not been tendered although more than 30 days have passed since the demand was made.

### **Prayer**

WHEREFORE, Plaintiffs request that:

1. Judgment be rendered against defendant for damages within the jurisdictional limits of the Court.

2. Judgment be rendered against defendant for prejudgment and post-judgment interest as provided by law, and for costs of suit.

3. Plaintiffs have judgment awarding them reasonable and necessary attorney fees incurred in connection with this suit.

4. Such other and further relief, at law or in equity, be granted to which Plaintiffs may be justly entitled.

Plaintiffs demand a jury trial on all issues so triable in this action.

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP


_____s/ Jerry R. Selinger_____
Jerry R. Selinger
State Bar No. 18008250
1717 Main St., Suite 3200
Dallas, TX 75201
Telephone: (214) 466-4109
Facsimile: (214) 466-4001
jselinger@morganlewis.com

ATTORNEYS FOR RUSSELL H. FISH, III
and ROBERT ANDERSON, as trustee for THE
FISH FAMILY TRUST


## CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2006, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The following attorneys of record have consented in writing to accept notice as service of this document by electronic means and are being served by a "Notice of Electronic Filing" sent by the electronic case filing ("ECF") system.

Steven R. Baggett
THOMPSON & KNIGHT LLP
1700 Pacific Avenue, Suite 3300
Dallas, Texas   75201-4693

Charles T. Hoge
Matthew P. Nugent
KIRBY NOONAN LANCE & HOGE LLP
600 West Broadway. Suite 1100
San Diego, California  92101-3387


_s/Jerry R. Selinger_____